Michael R. Johnson, Esq. (A7070)
Michael D. Mayfield, Esq. (A8237)
David H. Leigh, Esq. (A9433)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, 14th Floor
Salt Lake City, Utah  84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
Email:  mjohnson@rqn.com
Email:  mmayfield@rqn.com
Email: dleigh@rqn.com

*Counsel for Gil A. Miller, Chapter 11 Trustee of the Consolidated Estate*

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>DEE ALLEN RANDALL, et al.,<br><br>Debtors. | Bankruptcy Case No. 10-37546<br><br>(Substantively Consolidated with Case Nos. 11-34826, 11-34830, 11-34831, 11-34833 and 11-34834)<br><br>Chapter 11 |
| **GIL A. MILLER**, Chapter 11 Trustee of the substantively consolidated estate of Dee Allen Randall, et al.<br><br>Plaintiff,<br><br>v.<br><br>**BURKE ANGLIN**, an individual,<br><br>Defendant. | COMPLAINT<br><br>**Adversary No. _____**<br><br>Honorable Joel T. Marker<br><br>(Filed via ECF) |

Plaintiff, Gil A. Miller, Chapter 11 Trustee of the substantively consolidated estate of Dee Allen Randall et al., complains of and for his causes of action against Defendant, Bart Anglin, alleges as follows:

### THE PARTIES, JURISDICTION AND VENUE

1. Plaintiff Gil A. Miller (the "**Trustee**") is the duly appointed Chapter 11 trustee of the substantively consolidated bankruptcy estate of Dee Allen Randall ("**Randall**"), Horizon Auto Funding, LLC ("**Auto Funding**"), Independent Commercial Lending, LLC ("**ICL**"), Horizon Financial Center I, LLC ("**HFC**"), Horizon Mortgage and Investment Inc. ("**HMI**") and Horizon Financial & Insurance Group Inc. ("**Horizon Insurance**"). Randall, Auto Funding, ICL, HFC, HMI and HF&I are collectively referred to herein as the "**Debtors**."

2. Randall commenced Chapter 11 Case No. 10-37546 (the "**Randall Case**") on or about December 20, 2010 by filing a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") with this Court.

3. The Trustee was appointed as Chapter 11 Trustee in the Randall Case on September 29, 2011.

4. On October 12, 2011, the Trustee, in his capacity as Chapter 11 Trustee in the Randall Case, caused voluntary petitions for relief under Chapter 11 of the Bankruptcy Code to be filed for each of Auto Funding, ICL, HFC, HMI and Horizon Insurance.

5. On January 27, 2012, the Bankruptcy Court entered its Order substantively consolidating the separate bankruptcy estates of each of the Debtors, with all cases being consolidated with and into the Randall Case.

2

1200696v2

6.     Defendant, Burke Anglin ("**Anglin**" or "**Defendant**"), upon information and belief, is an individual residing in Salt Lake County, Utah.

7.     This Court has jurisdiction over the subject matter of this action and over each of the parties to this adversary proceeding pursuant to 28 U.S. C. §§ 1334(b) and 157(a), (b) and (c), Fed. R. Bankr. P. 7001, and DU Civ. R. 83-7.1(a).

8.     This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (E) and (O).

9.     Venue is proper in this Court pursuant to 28 U.S.C. § 1409, because the Debtors' substantively consolidated case is pending before this Court.

## GENERAL ALLEGATIONS

10.    The Trustee incorporates the allegations of the above-referenced paragraphs as if fully set forth herein.

11.    Prior to the filing of the Randall Case on December 20, 2010, Horizon Insurance and Randall affiliated with Ameritas Life Insurance Corp. and its affiliates and subsidiaries, including Union Central Life Insurance Company, to provide life and disability insurance products to individuals and other entities, with Randall and/or Horizon Insurance serving as general agent.

12.    At all relevant times, and as part of Horizon Insurance's business, Horizon Insurance employed or otherwise engaged and compensated sales agents to locate, market and sell insurance products to individuals for and on behalf of Horizon Insurance.

13. At certain times, Anglin was employed or otherwise engaged by Horizon Insurance to market and sell insurance products to individuals on behalf of Horizon Insurance.

14. As part of his compensation from Horizon Insurance, Anglin regularly received commissions ("**Commissions**") based on premiums paid by clients to whom he sold insurance products for and on behalf of Horizon Insurance.

15. Horizon Insurance paid Commissions to Anglin shortly after Anglin sold the policy and signed up each individual insured.

16. The Commissions were "annualized," which means that they were based on the anticipated premiums that would be paid during the first year the insurance policy was in existence.

17. Occasionally, Anglin's customers failed to pay their premiums, or cancelled their policy during the first year after they obtained their policy, resulting in either a refund of premiums paid to the customers or a failure by the customer to pay anticipated premiums.

18. When that happened, the Commissions were "reversed," and Anglin agreed to and was required to repay Horizon Insurance for the annualized commissions (the "**Reversed Commissions**") he had already received, but ultimately had not earned, when the policy was prematurely cancelled.

19. The Reversed Commissions are an obligation that Anglin owes to Horizon Insurance.

20. Additionally, upon information and belief, Horizon Insurance advanced funds to Anglin to cover certain business expenses ("**Expenses**"). Anglin's Expenses included, for example, compensation to office staff that assisted him in selling insurance products.

21. Anglin agreed to repay Horizon Insurance for the Expenses that it advanced to him.

22. Anglin failed to repay the Expenses that Horizon Insurance advanced to him.

23. Horizon Insurance sent invoices to Anglin which set forth the amounts that he owed to Horizon Insurance for Reversed Commissions and/or Expenses.

24. Anglin never disputed the invoices and did not dispute that he was indebted to Horizon Insurance for the Reversed Commissions and/or Expenses.

25. Anglin owes Horizon Insurance $159,387.39 for Reversed Commissions and Expenses, together with interest from at least December 20, 2010 until paid in full.

26. Anglin has failed and refused to pay the Trustee for the Reversed Commissions and/or Expenses in the amount of not less than $159,387.39.

27. Anglin owes the substantively consolidated estate no less than $159,387.39, plus interest on the unpaid balance from December 20, 2010 until paid in full at the rate of ten percent (10%) per annum pursuant to Utah Code Ann. § 15-1-1(2).

## FIRST CLAIM FOR RELIEF
### (Breach of Agreement)

28. The Trustee incorporates the allegations of the above-referenced paragraphs as if fully set forth herein.

1200696v2

29. As set forth above, Anglin received Reversed Commissions and/or Expenses from Horizon Insurance in the amount of not less than $159,387.39.

30. Horizon Insurance and Anglin agreed that the Reversed Commissions and/or Expenses were due and owing when they were incurred, and were payable upon demand.

31. Anglin owes the consolidated estate no less than $159,387.39 as of December 20, 2010, the day that the Randall Case was filed.

32. The Trustee has demanded that Anglin repay the Reversed Commissions and/or the Expenses that he owes to Horizon Insurance.

33. Anglin has failed and continues to fail to pay the Reversed Commissions and/or Expenses, which is a material breach of his agreement with Horizon Insurance.

34. Anglin's breach of his agreement to repay Horizon Insurance for the Reversed Commissions and/or Expenses damaged Horizon Insurance in an amount to be proved at trial of not less than $159,387.39, plus interest on the unpaid balance from December 20, 2010 until paid in full at the rate of ten percent (10%) per annum pursuant to Utah Code Ann. § 15-1-1(2).

## SECOND CLAIM FOR RELIEF
### (Unjust Enrichment)

35. The Trustee incorporates the allegations of the above-referenced paragraphs as if fully set forth herein.

36. Anglin received Commissions and Expenses from Horizon Insurance, and knew about and appreciated the Commissions and Expenses when they were received. The Commissions and Expenses benefitted Anglin.

1200696v2

37. Anglin knew and understood that the Expenses would need to be repaid, and that any Reversed Commissions would need to be returned to Horizon Insurance.

38. Anglin agreed to repay Horizon Insurance for Reversed Commissions and for the Expenses he received from Horizon Insurance.

39. Anglin has been unjustly enriched in that Horizon Insurance provided the Reversed Commissions and/or Expenses described above to Anglin, and Anglin has failed to return those moneys to Horizon Insurance.

40. Anglin did not earn the Reversed Commissions because they were based on annualized premiums that were never paid.

41. Anglin benefited from the Reversed Commissions and Expenses provided by Horizon Insurance and Anglin had knowledge of the benefit that he received from Horizon Insurance.

42. The principles of justice, equity and good conscience dictate that Anglin pay what he owes to Horizon Insurance, in an amount to be proved at trial, but not less than $159,387.39, plus interest on the unpaid balance from December 20, 2010 until paid in full at the rate of ten percent (10%) per annum pursuant to Utah Code Ann. § 15-1-1(2).

43. Based on the foregoing, the Trustee is entitled to a money judgment against Anglin in the amount of at least $159,387.39, plus interest on that amount from December 20, 2010 until paid in full at the rate of ten percent (10%) per annum pursuant to Utah Code Ann. § 15-1-1(2).

1200696v2

## THIRD CLAIM FOR RELIEF
### (Avoidance of Fraudulent Transfers Under 11 U.S.C. § 544(b) and Utah Code Ann. § 25-6-5(1)(b))

44. The Trustee incorporates the allegations of the above-referenced paragraphs as if fully set forth herein.

45. The Reversed Commissions and the Expenses (collectively, the "**Fraudulent Transfers**") that were paid to Anglin were transfers of an interest of Horizon Insurance.

46. The Fraudulent Transfers were made or incurred by Horizon Insurance without receiving a reasonably equivalent value in exchange. Indeed, Horizon Insurance received no value in exchange for the Fraudulent Transfers.

47. At the time the Fraudulent Transfers were made, Horizon Insurance (a) was engaged or were about to engage in a business or a transaction for which its remaining assets were unreasonably small in relation to its business or transaction; or (b) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

48. At the time of the Fraudulent Transfers, Horizon Insurance had creditors who remained creditors as of the day that Horizon Insurance filed for bankruptcy protection.

49. The Fraudulent Transfers are avoidable by the Trustee under 11 U.S.C. § 544(b) and Utah Code Ann. § 25-6-5(1)(b).

8

1200696v2

### FOURTH CLAIM FOR RELIEF
### (Avoidance of Fraudulent Transfers Under 11 U.S.C. § 544(b) and Utah Code Ann. § 25-6-6(1))

50. The Trustee incorporates the allegations of the above-referenced paragraphs as if fully set forth herein.

51. The Fraudulent Transfers were transfers of an interest of Horizon Insurance in property.

52. The Fraudulent Transfers were made or incurred by Horizon Insurance without receiving a reasonably equivalent value in exchange. Indeed, Horizon Insurance received no value for the Fraudulent Transfers.

53. The Fraudulent Transfers were made or incurred by Horizon Insurance without receiving a reasonably equivalent value in exchange.

54. Horizon Insurance was insolvent at the time the Fraudulent Transfers were made, or became insolvent as a result of such Transfers.

55. At the time of the Fraudulent Transfers, Horizon Insurance had creditors who remained creditors as of the day that Horizon Insurance filed for bankruptcy protection.

56. The Fraudulent Transfers are avoidable by the Trustee under 11 U.S.C. § 544(b) and Utah Code Ann. § 25-6-6(1).

### FIFTH CLAIM FOR RELIEF
### (Recovery of Avoided Transfers Under 11 U.S.C. §§ 550 and 551)

57. The Trustee incorporates the allegations of the above-referenced paragraphs as if fully set forth herein.

9

1200696v2

58. As set forth above, the Fraudulent Transfers are avoidable under 11 U.S.C. § 544(b) and Utah Code Ann. §§ 25-6-5 and 25-6-6.

59. The Trustee may recover from Anglin and preserve for the benefit of the substantively consolidated estate the Fraudulent Transfers, or their value, pursuant to 11 U.S.C. §§ 550(a) and 551.

### SIXTH CLAIM FOR RELIEF
### (Disallowance-11 U.S.C. § 502(d))

60. The Trustee incorporates the allegations of the above-referenced paragraphs as if fully set forth herein.

61. The Fraudulent Transfers are avoidable by the Trustee under 11 U.S.C. §§ 544(b), as set forth more fully herein.

62. To the extent that Anglin has filed or asserted claims against the substantively consolidated estate, his claim must be disallowed by the Court under 11 U.S.C. § 502(d), unless Anglin repays the Fraudulent Transfers.

### PRAYER FOR RELIEF

**WHEREFORE**, based upon the foregoing, the Trustee demands judgment in favor of the consolidated estate, and against the Defendant Burke Anglin, as follows:

A. ON HIS FIRST CAUSE OF ACTION, for a money judgment against Anglin in the principal amount of not less than $159,387.39, plus interest plus interest on that amount or such other amount as may be owed from December 20, 2010 until paid in full at the rate of ten percent (10%) per annum pursuant to Utah Code Ann. § 15-1-1(2).

10

1200696v2

  B. ON HIS SECOND CAUSE OF ACTION, for a money judgment against Anglin in the principal amount of not less than $159,387.39, plus interest on that amount from December 20, 2010 until paid in full at the rate of ten percent (10%) per annum pursuant to Utah Code Ann. § 15-1-1(2).

  C. ON HIS THIRD CAUSE OF ACTION, for judgment against Anglin avoiding the Fraudulent Transfers under 11 U.S.C. § 544(b) and Utah Code Ann. § 25-6-5(a)(2) in the amount of $159,387.39.

  D. ON HIS FOURTH CAUSE OF ACTION, for judgment against Anglin avoiding the Fraudulent Transfers under 11 U.S.C. § 544(b) and Utah Code Ann. § 25-6-6(1) in the amount of $159,387.39.

  E. ON HIS FIFTH CAUSE OF ACTION, for judgment against Anglin recovering and preserving for the benefit of the consolidated estate under 11 U.S.C. §§ 550 and 551 all avoided transfers in the total amount of $159,387.39, or such other amount as the Court finds may be due and owing.

  F. ON HIS SIXTH CAUSE OF ACTION, disallowance of any claims asserted by Anglin, until all Fraudulent Transfers are returned, pursuant 11 U.S.C. § 502(d).

  G. For an award of reasonable attorneys' fees and costs of suit to the extent authorized or allowed by contract or by law, in an amount this Court determines is just and reasonable.

  H. For such other and further relief as the Court deems proper.

1200696v2

DATED this 27th day of September, 2012.

                RAY QUINNEY & NEBEKER P.C.

                /s/ Michael R. Johnson
                Michael R. Johnson
                Michael D. Mayfield
                David H. Leigh
                *Counsel for the Trustee*